UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD GORMAN, *on behalf of*
*himself and on behalf of all others*
*similarly situated*,

     Plaintiff,

v.                                    CASE NO.: 8:20-cv-02275-CEH-AEP

WHELAN EVENT STAFFING
SERVICES, INC.,

     Defendant.

_____/

**ORDER GRANTING PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT**

     Before the Court is the Unopposed Motion of Plaintiff seeking: (1) preliminary approval of the proposed settlement agreement between Named Plaintiff, the putative class, and Defendant; (2) preliminarily certifying a "Background Check" class for settlement purposes; (3) approving the form and manner of notice to the class; and, finally (4) scheduling a fairness hearing for the final consideration and approval of the proposed settlement agreement.  [Doc. 59]. The Court has considered the Joint Motion, the proposed settlement agreement, and the entire record of this case.  The Motion will be granted, and the Court hereby Orders as follows:

1.    <u>Incorporation of Definitions</u>. This Order incorporates by reference the definitions set forth in the Joint Motion for preliminary approval and the proposed settlement agreement, and all terms used herein shall have the same meaning as set forth in those filings.

2.    <u>Preliminary Approval of Proposed Settlement</u>. The proposed settlement agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable, adequate, and within the range of reasonableness for preliminary settlement approval. The Court preliminarily finds that the proposed settlement agreement resulted from extensive arm's length negotiations with the help of a mediator, and is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

3.    <u>Class Certification for Settlement Purposes Only</u>. The parties seek certification of one Settlement Class based on Rule 23(b)(3) of the Federal Rules of Civil Procedure. Pursuant to Rule 23(c), the Court conditionally certifies, for settlement purposes only, the Settlement Class:

> <u>Background Check Class</u>:
> All individuals in the United States who applied for any position with Whelan Event Staffing Services, Inc. and were presented with a background check disclosure form during the period July 1, 2018 through the date of preliminary approval by the Court.

In connection with this conditional certification, the Court makes the following preliminary findings for settlement purposes only:

A.    The Settlement Class, comprised of approximately 16,600 individuals, is so numerous that joinder of all Settlement Class Members is impracticable;

B.    There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

C.    Plaintiff's claims appear to be typical of the claims being resolved through the Settlement as to the other Settlement Class Members;

D.    Plaintiff appears to be capable of fairly and adequately protecting the interests of all Settlement Class Members in connection with the Settlement;

E.    Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class is sufficiently cohesive to warrant settlement by representation; and

F.    Certification of the Settlement Class appears superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

4.    <u>Class Counsel</u>.  Based on the considerations in Rule 23(g), the Court appoints Brandon J. Hill and Luis A. Cabassa of Wenzel Fenton Cabassa, P.A.,

and Craig C. Marchiando of Consumer Litigation Associates, P.C., as Class Counsel for the Settlement Class.

5.      <u>Standing & the Court's Jurisdiction</u>.  Based on the findings above, and consistent with the allegations from the Complaint and Motion for Preliminary Approval, the Court appoints Plaintiff Edward Gorman as Class Representative for the Settlement Class Members and determines that he and the Members have sufficient Article III standing, and the Court sufficient jurisdiction over the claims at issue in this case.

6.      <u>Class Notice</u>.  The parties' Class Notice is approved for distribution in accordance with the schedule included in the Settlement.

7.      <u>Initial Motion for Fees and Expenses</u>.  Class counsel's request for one-third of the common fund as a fee, plus litigation costs, appears to be reasonable at this preliminary stage and in line with *Camden I Condominium Assoc., Inc. v. Dunkle*, 946 F.2d 768, 770 (11th Cir. 1991).  *See also Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295–96 (11th Cir. 1999).  Pursuant to Rule 23(h), Class Counsel is directed to file a motion for attorneys' fees and costs at least forty-five days prior to the final fairness hearing.

8.      <u>Opt-Outs and Objections</u>.  Settlement Class Members shall have the right to either opt-out or object to this Settlement pursuant to the procedures and schedule included in the Settlement.

9.    <u>Jurisdiction</u>.  The Court has jurisdiction over the subject matter of the Action, the Class Representative, the Settlement Class Members, and Defendant. Jurisdiction is retained by this Court for matters arising out of the Settlement.

10.    <u>Final Approval Hearing</u>.  A final approval hearing is set for **February 22, 2022 at 11:00 a.m.** in Courtroom 13A, United States Courthouse for the Middle District of Florida, 801 North Florida Avenue, Tampa, Florida 33602.  The Court sets the following schedule for the final approval hearing and the actions which must take place before and after it:

| Event | Date |
|---|---|
| Deadline for Completion of Mailed Notice | **December 17, 2021** |
| Deadline for filing Motion for Final Approval of the Settlement and Class Counsel's Motion for Attorneys' Fees and Costs | **January 4, 2022** |
| Deadline for opting-out of the Settlement and for submission of Objections | **January 18, 2022** |
| Deadline for Responses to Objections | **February 1, 2022** |
| Final Approval Hearing | **February 22, 2022** |

DONE AND ORDERED in Tampa, Florida on this 1st day of November, 2021.

Charlene Edwards Honeywell
United States District Judge

**Copies Furnished To**:
Counsel of Record